UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STINSON, | No. 2:16-cv-01903-MCE-GGH |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SPECIALIZED LOAN SERVICING, LLC, | |
| Defendant. | |

Plaintiff Michael Stinson brought this lawsuit against Defendant Specialized Loan Servicing, LLC ("SLS"), alleging that SLS failed to fulfill statutory duties required of mortgage servicers laid out in what is known as California's Homeowner Bill of Rights ("HBOR"), and that SLS committed common law negligence in its handling of Plaintiff's mortgage modification applications. Plaintiff also alleges a violation of the federal Equal Credit Opportunity Act ("ECOA"). SLS seeks dismissal of the lawsuit under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. ECF No. 4. For the reasons that follow, Plaintiff's Motion to Dismiss is GRANTED.

///
///
///
///

# BACKGROUND[1]

In 1996, Plaintiff bought a house secured by a mortgage. In December 2014, Plaintiff began applying for a loan modification and requested a single point of contact ("SPOC") from SLS. Plaintiff spoke with an individual named Brenda, who informed him that she was Plaintiff's SPOC. Through June 2015, Plaintiff attempted to contact SLS to ensure that his application was complete but was routinely told his application was pending. In June 2015, Plaintiff was informed that his application had been closed because the documents he had submitted had expired. He was told to submit a new application, which he did in late June, 2015.

Again, in January 2016, he was informed his application was closed because of the expiration of his documents. He was also once again told to submit a new application, which he did in May, 2016. In response, he was asked to submit additional documents. Plaintiff provided these documents on May 16, 2016. A week after submission, he received notice that his new SPOC was SLS's Customer Resolution Department and was provided with a toll-free number. Plaintiff's further attempts to contact his SPOC to confirm receipt of the additional documents have failed.

On July 11, 2016, Plaintiff filed this suit in San Joaquin County Superior Court, and on August 11, 2016, SLS removed the case to this Court. ECF No. 1. SLS then proceeded to file the Motion to Dismiss now before the Court. ECF No. 4.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins.

---

[1] Unless otherwise noted, the allegations in this section are drawn directly from the allegations of Plaintiff's Complaint.

Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 555 n.3 (citation omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94–95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no

"undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

**A.  Violation of Cal. Civ. Code § 2923.7**

Part of the HBOR, California Civil Code § 2923.7 provides for the provision of a SPOC in relation to a request for a mortgage modification. Subsection (a) provides: "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Subsection (b) sets out the duties of SPOCs. Plaintiff alleges that SLS violated subsection (a) by assigning the Customer Resolution Department as his SPOC in May, 2016. Compl., ECF No. 1, ¶ 16. Plaintiff also alleges that SLS violated subsection (b) because his assigned SPOCs—both Brenda and the Customer Resolution Department—failed to adequately communicate with him during the application process. Id.

4

SLS argues that Plaintiff's claim under § 2923.7 fails for three reasons. First, SLS argues that Plaintiff had no right to a SPOC after his first application because he did not request one. Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s MTD"), ECF No. 4-1, at 4. Because Plaintiff only alleges he requested a SPOC when applying the first time, and because SLS provided a SPOC—Brenda—in connection with that first application, SLS claims that Plaintiff's allegations do not set out a violation of § 2923.7(a). Id. Second, SLS claims that Plaintiff has failed to allege sufficiently specific facts that would support a violation of subsection (b). Id. at 5–6. Third, SLS argues that Plaintiff failed to allege a specific harm resulting from any alleged violation of subsection (a) that would support injunctive relief. Id. at 6; see also Cal. Civ. Code § 2924.12(a)(1).

### 1. When the Right to a SPOC Attaches

U.S. District Courts sitting in California have disagreed as to when a SPOC must be assigned under § 2923.7(a). Some have read the statute to say the right attaches upon a request for a foreclosure prevention alternative, while others have read it to require a plaintiff to specifically request a SPOC. See Green v. Cent. Mortg. Co., 148 F. Supp. 3d 852, 874 (N.D. Cal. 2015) (collecting cases interpreting the statute in the two ways).

The statute provides that the right is triggered "upon request from a borrower who requests a foreclosure prevention alternative." Cal. Civ. Code § 2923.7(a). The debate is mostly centered upon whether the words "upon request" refer to a request for a SPOC, or whether they refer to the request for a foreclosure prevention alternative. See Mungain v. Wells Fargo Bank, No. c-14-00289 DMR, 2014 WL 2508090, at *9–10 (N.D. Cal. June 3, 2014) ("[T]he words 'upon request' and 'a borrower who requests' refer to the same request . . . ."). Arguments have also centered on effectuating the statute's purpose. See, e.g., Jones v. Aegis Wholesale Corp., No. 2:15-cv-01134-JAM-CKD, 2015 WL 9260837, at *3 (E.D. Cal. Dec. 18. 2015) ("[Requiring a borrower to specifically request a SPOC] would effectively require borrowers to have knowledge of the intricacies of the Civil Code in order to invoke their right to a single point of contact.

5

Such a result would contravene the statutory purpose of ensuring that 'borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options.'" (citation omitted)).

Whether a Plaintiff must actually request a SPOC is immaterial in this case, though.  Plaintiff alleges he requested a SPOC in connection with his December 2014 application.  His right to a SPOC does not extinguish simply because his application documents expired and he was forced to file new ones.  See Cal. Civ. Code § 2923.7(c) ("The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted or the borrower's account becomes current.").  Accordingly, Plaintiff has adequately pled that he was denied his statutory right to a SPOC when he was directed to contact only the Customer Resolution Department and given only the toll-free number of SLS's customer service center.

### 2. Whether Assigned SPOCs Failed in Their Duties

SLS's second argument is also without merit.  Section 2923.7(b) sets out the duties of a SPOC, which include "[c]ommunicating the process a borrower must use to apply for a foreclosure prevention alternative ('FPA') and the deadline for submission," and "[c]oordinating receipt of all documents associated with available FPAs."  Cal. Civ. Code § 2923.7(b)(1)–(2).  Plaintiff has alleged that his SPOC—Brenda—told him that she would contact Plaintiff if SLS required any documents beyond those originally provided in December, 2014.  Compl. ¶ 11.  Plaintiff alleges he "never heard from Brenda again." Id.  If true, Plaintiff's SPOC could not have "[c]ommunicat[ed] the process a borrower must use to apply" for his mortgage modification or have "[c]oordinat[ed] receipt of all documents" associated with any of Plaintiff's applications.  Cal. Civ. Code § 2923.7(b)(1)–(2).  Accordingly, Plaintiff has sufficiently alleged that his SPOC has not complied with her statutory duties.

///

///

### 3. Whether Plaintiff Alleged a Material Violation

SLS also argues that there has been no "material violation" of § 2923.7. A material violation is one where "the alleged violation affected a plaintiff's loan obligations or the modification process." Cornejo v. Ocwen Loan Servicing, LLC, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015). Here, Plaintiff has not adequately pled that the denial of a SPOC associated with his third application constitutes a material violation. He alleges that his third application is still pending, and unlike his prior applications, he was advised of which additional documents were required to complete his application. Compl. ¶ 13. But Plaintiff has alleged that his original SPOC's failure to comply with her statutory duties effectively barred him from the mortgage modification process from December 2014 to January 2016, id. ¶ 11–12, 20, and thus has sufficiently alleged a material violation.

### 4. Whether Injunctive Relief is Available

Violations of § 2923.7 can support either injunctive or monetary relief pursuant to § 2924.12. Monetary relief is only available after a foreclosure sale has been recorded. Cal. Civ. Code § 2924.12(b). Injunctive relief is available prior to such a sale. Id. § 2924.12(a). Plaintiff here seeks injunctive relief preventing SLS "from recording any foreclosure related documents until it processes Plaintiff's application." Pl.'s Opp'n to Mot. to Dismiss, ECF No. 8, at 8.

Aside from an oblique reference to "the threat of foreclosure looming," Compl. ¶ 20, Plaintiff does not allege that there is any foreclosure actually pending. See, e.g., Tobin v. Nationstar Mortg., Inc., No. 2:16-cv-00836-CAS (ASX), 2016 WL 1948786, at *11 (C.D. Cal. May 6, 2016) ("[A] plaintiff is only entitled to injunctive relief as to a pending foreclosure sale. . . . [P]laintiff must show that his home has been foreclosed upon or that a foreclosure sale is pending; otherwise, these claims fail as a matter of law." (citation omitted)); Johnson v. Select Portfolio Servicing, Inc., No. CV 15-9231-JFW (ASx), 2016 WL 837895, at *3 (C.D. Cal. Mar. 3, 2016) ("Plaintiffs are not entitled to

///

7

injunctive relief pursuant to Section 2924.10 because no foreclosure proceedings are pending.").

Accordingly, Plaintiff's first cause of action is dismissed. Though Plaintiff has adequately alleged a violation of California Civil Code § 2923.7, he has not alleged that any foreclosure is pending and thus he is not entitled to injunctive relief. But because SLS has not shown that amendment would be futile, Plaintiff is given leave to amend.

**B. Violation of Cal. Civ. Code § 2924.10**

Also part of California's HBOR, California Civil Code § 2924.10 requires mortgage servicers to provide written acknowledgement of the receipt of documents "[w]hen a borrower submits a complete first lien modification application." Section 2924.10 also requires mortgage servicers to include certain information in "its initial acknowledgment of receipt of the loan modification application." This includes "[a]ny expiration dates for submitted documents" and "[a]ny deficiency in the borrower's first lien loan modification application." Id. § 2924.100(a)(3)–(4).

Plaintiff alleges that he received no such written acknowledgement or information after he submitted a complete application on December 18, 2014.[2] Compl. ¶ 11. He also alleges that he did not receive notice of any deficiency in his application or any expiration dates for his submitted documents. See id. This failure constitutes a material violation under § 2924.12(a)(1) because it prevented him from completing an application and ultimately caused his application to be rejected based on the expiration of his documents.

---

[2] While Plaintiff also alleges that he submitted complete applications on June 30, 2015, and May 3, 2016, he has not pled facts that make it sufficiently plausible that the applications were "complete" under § 2923.6(h). Section 2923.6(h) defines an application as complete "when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Plaintiff has pled that upon submission of his December 18, 2014 application, his SPOC, Brenda, informed him that SLS required no additional documents apart from those he submitted. The only plausible inference from the alleged conversation with Brenda on December 21, 2014, was that the application was complete. Conversely, Plaintiff only conclusorily alleges that his June 30, 2015 and May 3, 2015 applications were complete. He provides no details about any communications with SLS—such as whom he talked with or when such communications occurred—that would allow a plausible inference that the applications were complete or give sufficient notice to SLS as to the claims against it.

As with Plaintiffs claims under § 2923.7, however, he is not entitled to injunctive relief because he does not allege that any foreclosure is pending. Accordingly, Plaintiff's second cause of action is dismissed. SLS has not shown that amendment would be futile, though, and thus Plaintiff is given leave to amend.

**C. Negligence**

SLS argues that Plaintiff's negligence claim is deficient because SLS did not owe Plaintiff a duty of care. Def.'s MTD at 8–11.

Under California law, it is unclear whether lenders owe borrowers a duty of care when considering loan modification applications. See Carbajal v. Wells Fargo Bank, N.A., No. CV 14-7851 PSG (PLAx), 2015 WL 2454054, at *4–5 (C.D. Cal. Apr. 10, 2013). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). But that rule is not absolute. Courts instead apply the so-called Biakanja factors to determine whether a duty is owed:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

Id. (alterations in original) (citations omitted).

In Lueras v. BAC Home Loans Servicing L.P., 221 Cal. App. 4th 49 (2013), the court applied these factors to find that the lender–defendant "did not have a common law duty of care to offer, consider, or approve a loan modification" and dismissed the complaint, id. at 68. In Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941 (2014), however, the court applied the Biakanja factors to find a duty where "defendants allegedly agreed to consider modification of the plaintiffs' loans," id. at 948.

SLS acknowledges this split in authority, and argues that most courts have followed Leuras. See Harris v. Wells Fargo Bank, No. 5:16-cv-00645-CAS (KKx),

1  2016 WL 3410161, at *6 (C.D. Cal. June 15, 2016).  Furthermore, the Ninth Circuit
2  appears to find the Leuras line of cases more persuasive.  See Anderson v. Deutsche
3  Bank Nat'l Trust Co. Ams., 2016 WL 2343248, at *1 (9th Cir. May 4, 2016) (mem.)
4  ("Although the California Supreme Court has not addressed the question of whether a
5  loan servicer owes a common law duty to approve a loan modification application within
6  a particular time frame, we conclude that application of the Biakanja factors does not
7  support imposition of such a duty where, as here, the borrowers' negligence claims are
8  based on allegations of delays in the processing of their loan modification applications."
9  (footnote omitted) (citing Leuras, 221 Cal. App. 4th at 68)); Badame v. J.P. Morgan
10 Chase Bank, N.A., 641 F. App'x 707, 709 (9th Cir. 2016) (mem.) ("Plaintiffs failed to
11 show that they met the first element of a negligence claim, because Chase did not have
12 'a common law duty of care to offer, consider, or approve a loan modification.'" (quoting
13 Leuras, 221 Cal. App. 4th at 68)); Deschaine v. IndyMac Mortg. Servs., 617 F. App'x
14 690, 693 (9th Cir. 2015) (mem.) ("IndyMac did not have 'a common law duty of care to
15 offer, consider, or approve a loan modification, or to explore and to offer [Deschaine]
16 foreclosure alternatives.'" (alteration in original) (quoting Leuras, 221 Cal. App. 4th at
17 68))).

18       This Court agrees that the Leuras line of cases is more persuasive.  Loan
19 modifications are essentially arms-length negotiations that impose no common law
20 duties upon lenders.  Instead, a borrower's and lender's "rights, duties, and
21 obligations . . . [a]re set forth in the note and deed of trust, the Forbearance Agreement,
22 federal and state statutes and regulations, and the directives and announcements of the
23 United States Department of the Treasury and Fannie Mae."  Leuras, 221 Cal. App. 4th
24 at 68.

25       Thus, Plaintiff's negligence claim is dismissed.  It is barred as a matter of law, and
26 accordingly the dismissal is with prejudice.
27 ///
28 ///

### D. Equal Credit Opportunity Act

Plaintiff also alleges that SLS denied his mortgage modification applications because of his status as an African American, in violation of 15 U.S.C. § 1691(a). While the Ninth Circuit has not enumerated the elements of an ECOA claim, district courts in the Ninth Circuit have relied on a formulation derived from the Third Circuit. Under that formulation, a plaintiff must allege: "(1) she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being qualified." Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009) (citing Chiang v. Veneman, 385 F.3d 256, 259 (3d Cir. 2004)).

Plaintiff alleges all four of these elements, but does not allege sufficient factual support to survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."). Though Plaintiff has adequately pled that he is a member of a protected class, that he applied for credit, and that he was denied credit, Compl. ¶ 34–35, he has provided no facts supporting his claim that he was qualified for credit. Instead, he merely pleads that he was qualified based on the fact that he "never received any indication from Defendant that he did not qualify for the extension of credit." Id. ¶ 35.

Accordingly, the ECOA claim is dismissed. Because SLS has not shown that amendment would be futile, Plaintiff is given leave to amend.

## CONCLUSION

For the reasons above, SLS's Motion to Dismiss, ECF No. 4, is GRANTED. Plaintiff's First, Second[3] and Fourth Causes of Action are dismissed without prejudice. Plaintiff's Third Cause of Action fails as a matter of law and is dismissed with prejudice.

---

[3] Plaintiff's Complaint erroneously labels his Second Cause of Action as his Fifth. The Court here refers to Plaintiff's cause of action premised on a violation of California Civil Code § 2924.10.

1 | Not later than twenty (20) days following the date this Memorandum and Order is
2 | electronically filed, Plaintiff may (but is not required to) file an amended complaint.  If no
3 | amended complaint is filed within the twenty (20) day period, without further notice to the
4 | parties, all of the causes of action dismissed by virtue of this Memorandum and Order
5 | will be dismissed with prejudice.
6 |     IT IS SO ORDERED.
7 | Dated:  November 2, 2016

*[signature]*
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE