1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL STINSON,                          No. 2:16-cv-01903 MCE GGH

12            Plaintiff,

13      v.                                    ORDER TO SHOW CAUSE

14  SPECIALIZED LOAN SERVICING,
    LLC.,
15
             Defendant.
16

17          In this matter involving a home foreclosure, plaintiff was proceeding pro se until

18  September 25, 2017 when the district court signed an order approving the substitution of attorney

19  Kristy A. Hernandez of the Hernandez Law Group as attorney of record for the remainder of the

20  case.  Attorney Hernandez learned, at or about the same time, that contrary to what her client had

21  been told, the home at issue here was scheduled for a foreclosure sale on October 6, 2017, as she

22  states in a Declaration submitted in support of an application for a Temporary Restraining Order

23  ["TRO:].  ECF No. 28-2 ¶¶4, 5.  Ms. Hernandez then recounts numerous efforts she made by

24  telephone and email seeking to consult with defense counsel of record, Neeru Jindal, regarding

25  willingness to suspend the sale pending resolution of the case or, alternatively, when she would

26  be available for a hearing on a TRO should the request for postponement of the sale be rejected.

27  Id. at ¶ 6.  Getting no response from Ms. Jidal, on September 26, plaintiff's counsel called and

28  emailed the other counsel of record for defendant, Jordan Yu, offering the same alternatives.  Id.

                                              1

at ¶ 8.  Again she received no response through September 27, 2017, the date upon which she executed her declaration.  Id. at ¶ 9.  As a consequence, counsel filed the pending Ex Parte Application for a Temporary Restraining Order to prevent the noticed sale of the property that is the subject of this litigation.

The American Bar Association Model Rules of Professional Conduct are followed and enforced in this district court with regard to matters not covered by the California State Bar Rules of Professional Responsibility.  See Local Rule 180(e).  Rule 3.2 imposes upon attorneys a duty to "make reasonable efforts to expedite litigation consistent with the interests of the client.  This Rule cannot be seen other than to have been abrogated by defense attorneys who refuse to respond to communications from opposing counsel resulting in the need for emergency motions that burden both opposing counsel and the court.

In light of the history disclosed above IT IS HEREBY ORDERED that:

1.      Defense Counsel Neeru Jindal and Jordan Yu shall show cause why plaintiff's pending Application for a Temporary Restraining Order should not be granted as an unopposed motion;

2.      Why other and further sanctions should not be imposed for defense counsels' failure to assist in the expedition of this litigation in an orderly manner;

3.      Defense counsel shall respond to this Order to Show Cause no later than 4:00 p.m. on Monday, October 2, 2017.

**IT IS SO ORDERED.**

Dated: September 28, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

2